### CLARK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 18, 1912.)

No. 3,754.

POST OFFICE (§ 48*)—MISUSE OF MAILS—INFORMATION WITH REFERENCE TO ABORTION—INDICTMENT.

An indictment for mailing a letter designed to give information where, from whom, and by what means articles intended for procuring an abortion could be obtained, set out a letter addressed to accused, who was a surgeon, containing a statement that the writer was pregnant, desired relief, and requested that defendant write and tell her whether or not he could get her out of the trouble, etc. The indictment then alleged that defendant in answer, for the purpose of giving the information requested,

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

knowingly deposited in the mail a letter, addressed to his correspondent and signed by him, stating that her case could be treated with perfect success, and that if she had no place to stay she could come direct to his office, and that such letter gave information where, how, from whom, and the means by which articles and things designed, adapted, and intended for procuring abortion could be obtained, etc. *Held*, that the indictment was not demurrable for failure to state facts sufficient to show wherein the letter gave information where, from whom, or by what means articles designed, adapted, and intended to procure abortion could be obtained, in that it did not state what articles or things were to be used, how they were to be used, or when or by whom they were to be used.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 29; McCarthy v. United States, 110 C. C. A. 548.]

In Error to the District Court of the United States for the Western District of Missouri; John C. Pollock, Judge.

S. M. Clark was convicted of mailing a letter giving information where, from whom, and by what means articles designed, adapted, and intended for procuring an abortion could be obtained, and he brings error. Affirmed.

Leslie J. Lyons, U. S. Atty., and Thad. B. Landon, Asst. U. S. Atty.

Before SANBORN and HOOK, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge. The defendant below was convicted and sentenced for depositing in the mail a letter giving information where, from whom, and by what means articles designed, adapted, and intended for procuring abortion could be obtained, in violation of section 3893 of the Revised Statutes (U. S. Comp. St. 1901, p. 2658).

The first specification of error is that the court erred in refusing to sustain the demurrer to the indictment. The indictment charged that about February 13, 1911, the defendant was a practicing physician and surgeon at Kansas City, Mo., and that E. A. McBride on February 10, 1911, addressed to him a letter, which is set forth in full in the indictment. That letter was dated "Garden City, Kansas, Feby. 10, 1911," was addressed to "S. M. Clark, #4 E. 10th St., Kansas City, Mo.," was signed "Miss E. Alexander," contained a statement that the writer was in trouble, that she was pregnant and must have relief soon, and a request that he would write and tell her whether or not he could get her out of this trouble, and how long it would take and how much it would cost. Following this letter the indictment contains an allegation that in answer to it the defendant, for the purpose of giving the information requested therein, knowingly deposited for mailing and delivery an envelope addressed to "Miss E. Alexander, P. O. Box 891, Garden City, Kansas," which contained a written letter, dated "Kansas City, Mo., Feb. 11, 1911," addressed to Miss E. Alexander, and signed by the defendant, in which he wrote that her case

could be treated with perfect success, and that if she had no place to stay she could come direct to his office, northeast corner Tenth and Main. This letter was also set forth in full. And the indictment contained the further averment that the defendant deposited for mailing this letter giving information where, how, from whom, and the means by which articles and things designed, adapted, and intended for producing abortion could be obtained, and where and by whom acts and operations for the producing of abortions could be done and performed.

The ground of the demurrer to this indictment was that it did not state facts sufficient to show wherein the letter to Miss E. Alexander gave information where, or from whom, or by what means articles designed, adapted, and intended to produce abortion could be obtained; that is, that it did not state what articles or things were to be used, or how they were to be used, or when or by whom they were to be used. But the letter to Miss Alexander and the letter to which it was an answer, must be read and considered together, and when so considered they give unmistakable information that the articles and things to be used to procure abortion could be obtained at the defendant's office in Kansas City from him, and that they were to be used and applied by him. No further information was requisite to violate the statute. Nor would any discussion or argument make the fact that this indictment clearly charged the offense denounced by the statute more manifest than the reading of the indictment itself, and the conclusion is that there was no error in overruling the demurrer to it.

There are other specifications of error, but the rulings they attempt to assail were not challenged by objection or exception, and hence they are not here for review.

The judgment below must be affirmed, and it is so ordered.